141 F.3d 1182
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Eric Estuardo VARELA, Petitioner,
v.
Immigration and Naturalization Service, Respondent.
 No. 96-70776.
I & NS No. Apj-xpt-nxe.
 United States Court of Appeals,
Ninth Circuit.
 .
Argued and Submitted Feb. 4, 1998.
Decided Mar. 19, 1998.
 
 Petition to Review a Decision of the Immigration and Naturalization Service.
 Before FLETCHER, MAGILL,** and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Eric Estuardo Varela, a native and citizen of Guatemala, appeals the decision of the Board of Immigration Appeals (BIA) denying his application for asylum and withholding of deportation. See 8 U.S .C. §§ 1158(a), 1253(h) (1994).[1] On appeal, Varela argues that the BIA erred in affirming the decision of the Immigration Judge (IJ) because the IJ's finding that Varela was not credible was not supported by substantial evidence. Because we conclude that the IJ's credibility finding was sufficiently supported in the record, we deny Varela's petition for review.
 
 I.
 
 3
 Varela, who is thirty-seven years old, is married and has three children. Varela joined Guatemala's Christian Democracy Party in 1989 and eventually became a minor official within his local branch. After Varela illegally entered the United States on October 1, 1993, he requested asylum on October 15, 1993, and claimed that he had suffered persecution in Guatemala on account of his political beliefs. Deportation proceedings were initiated against him on July 26, 1995.
 
 
 4
 At the deportation hearing, Varela testified that he faced only mild harassment immediately after joining the Christian Democracy Party, but that the harassment increased greatly in 1993. Tr. of Hr'g (Dec. 19, 1995) at 36, reprinted in Pet'r's Excerpt of R. (PER) at 77. Varela testified that on August 23, 1993, he received a handwritten death threat from an organization called the Committee of Execution of the Jaguar Justiciero. Varela could not identify the political orientation of this group, stating only that "[w]hat they do is killings." Id. at 33, reprinted in PER at 74. The letter read:
 
 
 5
 Through this letter, be advised that in view of our various telephonic messages, you don't want to understand; we are now obligated to communicate to you that: "We give you 48 hours to leave the country", in case you do not we will have the "OBLIGATION" to "break your ass" and that of your family, so please do what we ask, to avoid any problems.
 
 
 6
 PER at 95 (English translation). Fearing for his safety, Varela moved into his uncle's house, the location of which is not presented in the record.
 
 
 7
 Varela then testified that he received three threatening phone calls between August 23, 1993, and September 2, 1993, on occasions when he had returned to his home to visit his family. See Tr. of Hr'g at 27-28, 31, reprinted in PER at 68-69, 72. Varela also claimed that four men personally threatened him on a visit to his home on September 2, 1993, and that he was physically assaulted while on another visit to his home on September 8, 1993. Varela testified that he was never threatened while at his uncle's house. See id. at 42, reprinted in PER at 83. Varela also testified that, although the letter threatened his entire family, he refused to relocate them to his uncle's house because "[t]hose are decisions that you make as a man." Id. at 42-43, reprinted in PER at 83-84. Varela further testified that he did not move to another area of Guatemala "because these countries are so small you can't move from one city to the next." Id. at 44, reprinted in PER at 85.
 
 
 8
 At the conclusion of the deportation hearing, the IJ found that Varela's testimony was not credible. The IJ pointed to the "unusual coincidences" of Varela visiting his home at the time of each threat and questioned why Varela would visit home so frequently if in fact he feared for his life. Oral Decision of the IJ (Dec. 19, 1995) at 12, reprinted in PER at 33. The IJ also noted the omission of several significant details in Varela's asylum application, including his failure to mention the August 23 letter that precipitated his move. Id. at 13-14, reprinted in PER at 34-35. Based on its adverse credibility finding, the IJ found insufficient evidence of persecution or a well-founded fear of persecution. However, the IJ granted Varela's request for voluntary departure. See id. at 15, reprinted in PER at 36. On review, the BIA adopted the IJ's rationale and affirmed. Varela now petitions this Court for review.
 
 II.
 
 9
 When the BIA's decision clearly incorporates the IJ's rationale, as it did here, we review the IJ's decision as if it was the BIA's. Alaelua v. INS, 45 F.3d 1379, 1382 (9th Cir.1995). We review the IJ's credibility findings under the substantial evidence standard. Vilorio-Lopez v. INS, 852 F.2d 1137, 1141 (9th Cir.1988). The IJ's adverse credibility determination is given substantial deference by reviewing courts, Sarvia-Quintanilla v. INS, 767 F.2d 1387, 1395 (9th Cir.1985), and we will uphold the credibility determination "unless the evidence presented compels a reasonable factfinder to reach a contrary result." Lopez-Reyes v. INS, 79 F.3d 908, 911 (9th Cir.1996).
 
 
 10
 We conclude that the IJ gave "specific cogent reasons" for its credibility finding, and that these reasons were "substantial and [bore] a legitimate nexus to the finding." Id. (quotations omitted). The IJ pointed to Varela's frequent visits to his family despite his alleged fear for his safety, and to Varela's failure to mention the August 23 letter in his asylum application. These are not minor discrepancies that "reveal nothing about an asylum applicant's fear for his safety." Vilorio-Lopez, 852 F.2d at 1142. Rather, because both raise questions as to the veracity of Varela's assertion that he genuinely feared persecution, they involve "the heart of the asylum claim." de Leon-Barrios v. INS, 116 F.3d 391, 394 (9th Cir.1997) (quotations omitted). The IJ also found that Varela's answers were often unresponsive, and that Varela omitted significant details from his direct testimony, such as the fact that he apparently had been receiving threatening phone calls before the August 23 letter. Varela admitted that he had received these prior calls only when the government questioned him about the mention of such calls in the August 23 letter. Finally, Varela's description of the sequence of the events was inconsistent. For example, he first testified that he received the threatening letter after he had been personally attacked by men on September 2 and September 8. While any one of these discrepancies or omissions alone may be insufficient to support an adverse credibility finding, taken together they constitute specific and sufficient reasons to support the IJ's finding. Accordingly, we find that the IJ's adverse credibility finding was supported by substantial evidence, and we deny Varela's petition for review.
 
 
 11
 Petition for review DENIED.
 
 
 
 **
 Honorable Frank J. Magill, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 The recently amended judicial review procedures for deportation orders do not affect the disposition of this case. See Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub.L. No. 104-208, § 309(c)(1)(A) & (B), 110 Stat. 3009-625 (enacted Sept. 30, 1996)